WICHITA STATE BANK AND TRUST COMPANY, PETITIONER, *v.* COM-
MISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 47954, 60202.   Promulgated February 27, 1933.

*Harry C. Weeks, Esq.*, for the petitioner.
*J. M. Leinenkugel, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has determined deficiencies in income
tax for the years 1926 and 1929 in the respective amounts of $4,661.23
and $475.52.   The only issue is whether payments received by the
petitioner in the taxable years as its pro rata share of proceeds from
the liquidation of Texas state banks that had been members of the
depositors' guaranty fund should be reported as income.   The two
proceedings were consolidated for hearing.

Petitioner is a banking corporation, operating under the laws of
Texas, and was operating under the depositors' guaranty fund
system of Texas until it withdrew from the system some time in
1925.   Pursuant to the statutory provisions governing that fund,
petitioner, during 1924 and 1925, made both regular and special
contributions to the fund system, totaling $26,819.14 and $31,226.48,
respectively, which amounts were allowed as expense deductions
in computing the net losses for those years allowable as deductions
in computing 1926 income.

During the years 1924, 1925, 1926 and 1929 petitioner also received
dividends from the fund system as credits of the liquidating banks
with respect to which it had made special contributions pursuant
to an assessment under the fund system.   The total dividends
received for each of the above years in their respective order were
$7,850.29, $8,284.93, $8,542.11, and $4,322.90, which dividends were
included in income in the year received in computing the deficiencies
in question, those in 1924 and 1925 being so treated for purposes of
computing net losses deductible from 1926 income.

The regular contributions, referred to above, were measured by
a percentage of average daily deposits, and were paid in to create
the fund.   These contributions were made one-quarter in cash and
three-quarters by establishing demand deposits.   The contributions

referred to above as special contributions or assessments were paid in cash pursuant to assessments made by the state treasurer, who was bailee of the fund, to replenish the fund after the banking commission had drawn on it to make good the loss of a member bank.

It was the special assessments that resulted in dividends being repaid to the petitioner and other member banks assessed, upon the liquidation of the failed banks. The period of liquidation was uncertain and the amount that would probably be repaid as dividends was difficult to estimate prior to complete liquidation. The dividend checks were drawn on the liquidating bank and were made out by the departmental liquidating agent. The administrative officers made no attempt to dictate how the contributing banks should treat these items.

Petitioner carried both contributions as assets on its books. Petitioner charged off its books on account of such assets, $44,931.52 in 1922, $24,000 in 1925, and $56,000 in 1926, leaving a total asset of $3,917 on petitioner's books. Upon receipt of dividends from liquidating banks, petitioner credited the amount thereof to the capital asset account set up by reason of the contributions made to the fund.

The petitioner contends that in the liquidation of each bank that failed while it was a member of the depositors' guaranty fund, it sustained a loss measured by the difference between the special assessment it paid on account thereof and the amount received from the liquidation. Apparently it does not question that annual or regular contributions are properly deductible from its income as and when made as ordinary and necessary operating expenses, but contends that for tax purposes there is a distinguishable difference between the so-called regular contributions and the special assessments. In prior proceedings the Board has made no such differentiation and is still unable to do so. As we see it, there is no essential difference between a contribution to create such a fund and assessment to replenish and maintain it.

The Board has held that all contributions to the Texas depositors' guaranty fund are ordinary and necessary expenses, deductible from income as and when made, and that recoupments from failed banks should be reported as income. *First State Bank of Brackettville*, 9 B. T. A. 975; *First State Bank of Weimar*, 10 B. T. A. 396. These decisions are consistent with the practice of the Commissioner as indicated by S. M. 3897, C. B. IV, p. 279, and by the dismissals of appeals therefrom. Upon the authorities above cited the determination of the respondent is affirmed.

*Decision will be entered for the respondent.*